**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMAD ALAZZAM, : | Civil No. 11-5341 (RMB) |
| Petitioner, : | |
| v. : | **OPINION** |
| DONNA ZICKEFOOSE, : | |
| Respondents. : | |

**APPEARANCES:**

    MOHAMMAD ALAZZAM, #17138-014
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

    KAREN H. SHELTON, Assistant U.S. Attorney
    PAUL J. FISHMAN, U.S. ATTORNEY
    P.O. Box 2098
    Camden, New Jersey 08101
    Attorneys for Respondents

**BUMB**, District Judge:

    Mohammad Alazzam, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of good conduct time forfeited as a disciplinary sanction for fighting.  Respondents filed an Answer, together with the declaration of Tara Moran and relevant documents.  Although given an opportunity to do so, Petitioner did not file a Reply.  For the reasons expressed below, the Court will dismiss the Petition.

**I.   BACKGROUND**

Petitioner challenges the loss of 27 days of earned good conduct time imposed by the Bureau of Prisons ("BOP") as a disciplinary sanction while Petitioner was confined at FMC Devens.[1]  Petitioner argues that the BOP violated Due Process by failing to call the witness he requested.  Respondents filed an Answer, arguing that the Petition should be dismissed for failure to exhaust administrative remedies or on the merits.

On May 29, 2010, while Petitioner was incarcerated at FMC Devens, a prison official gave him an Incident Report charging him with prohibited act 224, assaulting any person, and as amended, charging him with prohibited act 201, fighting with any person.  (Dkt. 8-1 at 16.)  The Incident Report states that on May 28, 2010, while in the kitchen, the reporting officer heard loud voices in the dining room, looked out and saw inmate Meada shove and punch Petitioner, and then saw Petitioner strike Meada in the shoulder.  Id.

---

[1] To the extent that Petitioner challenges the loss of telephone privileges, such claim is not cognizable under 28 U.S.C. § 2241 because it does not affect the fact or duration of Petitioner's confinement.  See Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012); Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 242 n.5 (3d Cir. 2005).  Moreover, while the Due Process Clause protects against the revocation of good conduct time, it does not protect against loss of privileges.  See Sandin v. Conner, 515 U.S. 472 (1995); Torres v. Fauver, 292 F. 3d 141, 150-51 (3d Cir. 2002).

On June 2, 2010, Petitioner received a form notifying him of a disciplinary hearing before a disciplinary hearing officer. (Dkt. 8-1 at 24.) Petitioner signed the form after indicating that he did not wish to have a staff representative but he wanted to call one witness who could testify that he and Meada were not fighting. Id. Prior to the hearing, on June 9, 2010, Petitioner, who was handcuffed, verbally acknowledged his decision to voluntarily waive his right to call witnesses for the hearing; S. Noel signed the waiver form as a witness on June 9, 2010. (Dkt. 8-1 at 40.)

Disciplinary hearing officer Amico conducted the disciplinary hearing on June 9, 2010, in the presence of Petitioner. (Dkt. 8-1 at 26.) On June 24, 2010, Amico delivered the Discipline Hearing Officer Report to Petitioner. Id. at 29. The report indicates that Amico considered the Incident Report and investigation, Petitioner's statement that "[i]t wasn't a fight just an argument," and the medical assessments of Petitioner. (Dkt. 8-1 at 26-29.) The disciplinary hearing officer found Petitioner guilty of fighting with another inmate and sanctioned him with 27 days disallowance of good conduct time, 15 days in disciplinary segregation, and loss of telephone use for three months. Id.

Petitioner timely appealed to the Northeast Regional Director. In a response dated July 30, 2010, J.L. Norwood,

Northeast Regional Director, denied the appeal.  (Dkt. 1 at 5-6.)  J.L. Norwood rejected Petitioner's argument that he was "only arguing with the other inmate and the confrontation was not physical" as follows:  "Program Statement 5270.08 . . . defines Fighting with Another Person, Code 201, as a hostile physical or verbal altercation with another person.  Even if the altercation was not physical, you willingly engaged in a hostile confrontation."  (Dkt. 1 at 5.)  The Response notified Petitioner that he had the right to appeal to the General Counsel and that the appeal must be received at 320 First Street, NW, Washington, D.C., within 30 calendar days of July 30, 2010.  Id. at 6.

On August 15, 2011, the BOP received a "Notice" from Petitioner dated August 3, 2011, appealing the Regional Director's decision.  (Dkt. 1 at 3-4.)  Petitioner states:

> I have been denied due process by staff at FMC D[e]vens who denied my witnesses and DHO unlawfully sanctioned me 27 days loss of Good Conduct Time . . . .  I gave staff members that visited the SHU name of inmates that observed the incident but none were called as witnesses as I requested . . . .  The witnesses would have provided the greater weight of the evidence showing that there was no serious problem between the two men . . . .  Without the statements from the witnesses Alazzam was denied due process . . .

(Dkt. 1 at 3.)

On August 22, 2011, the Administrative Remedy Coordinator for the BOP's Central Office issued a rejection notice advising Petitioner that the Central Office rejected the appeal as

4

untimely, insofar as the appeal was received on August 15, 2011, but was due within 30 days of July 30, 2010.  (Dkt. 1 at 2.)

On September 13, 2011, Petitioner executed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the loss of 27 days good conduct time on due process grounds and the rejection of his appeal by the Central Office.  (Dkt. 1 at 1.)

On December 15, 2011, Respondents filed an Answer, together with a declaration and several exhibits.  (Dkt. 8.)  Respondents argue that this Court should dismiss the Petition for failure to exhaust administrative remedies and/or on the merits.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the

5

time he filed the Petition.  See Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012); Woodall, 432 F.3d at 242-44.

B. Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  Administrative exhaustion promotes the following goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate who is dissatisfied with a disciplinary decision may appeal to the Regional Director (BP-10).  See 28 C.F.R. §

542.15(a).  "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  When the inmate demonstrates a valid reason for delay, these time limits may be extended."  Id.   Appeal to the General Counsel is the final administrative appeal.  Id.

In this case, Petitioner's appeal dated August 3, 2011, was received in the Central Office on August 15, 2011.  Petitioner does not dispute these dates but states the following with respect to the untimeliness of the appeal:

> The petitioner's paper work that contained the copies of his administrative remedy were lost during his transfer, thus, he continued to exhaust his remedies by providing all levels with the facts and details of the incident . . . .  A copy of the incident report is attached hereto and a copy of the letter submitted to all levels of the BOP.
>
> The petitioner mailed each addressee a copy of the letter in effort to allow the appropriate agency to develop a factual record and apply its expertise and facilitate judicial review which will permit the agency to grant relief requested and conserve judicial resources and/or provide agencies the opportunity to correct their own errors and foster administrative autonomy.  The Central Office has rejected to respond on August 22, 2011.
>
> On July 30, 2010, Regional Director, J.L. Norwood responded to the BP-10 stating among other things that "Even if the altercation was not physical, you willingly engaged in a hostile confrontation.["]  But as Alazzam explained, it was not a hostile confrontation, because even though we may have been little loud, we were laughing when the Officer Vermette

> approached us.  The petitioner does not want to lo[]se 27 Good conduct days for playing around with a friend.

(Dkt. 1 at 1.)

In Moscato, 98 F. 3d 757, as in this case, Moscato filed a § 2241 petition challenging the loss of good conduct time imposed as a disciplinary sanction after the Central Office of the BOP had denied his disciplinary appeal as untimely.  The Third Circuit determined that the failure to satisfy the time limits of the BOP's administrative remedy program constitutes a procedural default.  Id. at 760.  The Court held that if a prisoner has failed to exhaust administrative remedies due to a procedural default, review of his habeas claim is barred unless he can demonstrate cause for the failure to comply with the procedural requirement and actual prejudice resulting from the alleged constitutional violation.  Id. at 761.  The Moscato Court explained that application of the cause and prejudice rule to habeas review of BOP proceedings insures that prisoners do not circumvent the agency and promotes the goals of exhaustion. Moscato, 98 F. 3d at 761-62; see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The "cause" standard requires a petitioner to show that some external objective factor impeded his or her efforts to comply with the procedural bar.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Cause can be established by showing, for example, that the factual or legal basis for a claim was not reasonably

8

available or that government interference made compliance with the procedural rule impracticable.[2]  But a procedural default is not excused by ignorance of the law or facts, or inadvertence.  See Murray, 477 U.S. at 485-87.

In this case, Petitioner indicates that his appeal to the Central Office was not timely filed because "[t]he petitioner's paper work that contained the copies of his administrative remedy were lost during his transfer."  (Dkt. 1 at 1.)  In response, the BOP has provided a printout of Petitioner's transfer record, which shows that Petitioner was not transferred from FMC Devens until November 5, 2010, several months after the August 31, 2010, due date for the appeal.  (Dkt. 8-1 at 14.)

As Petitioner has not filed a reply, he has not disputed Respondents' transfer record.  Nor has Petitioner provided any other basis for a finding of cause to excuse the procedural default.  This Court will accordingly dismiss the Petition for failure to exhaust administrative remedies.  See Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012).

---

[2] See United States v. Pelullo, 399 F. 3d 197, 223 (3d Cir. 2005) ("Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel") (citations and internal quotation marks omitted); Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004) (noting that "cause" typically involves a novel constitutional rule, a new factual predicate, hindrance by the state court in complying with the procedural rule, or constitutionally ineffective counsel).

C.  Due Process

Alternatively, this Court will consider the merits. Petitioner argues that his right to due process was violated because he submitted a written request to call a witness to the incident, but the disciplinary hearing officer denied him the right to call the witness.

The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides:  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  Federal inmates possess a liberty interest in good conduct time.  See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F. 2d 1396, 1399 (3d Cir. 1991); Levi v. Holt, 192 Fed. App'x. 158 (3d Cir. 2006). Where a prison disciplinary hearing results in the loss of good conduct time, due process requires:  (1) 24 hours advance written notice of the disciplinary charges; (2) a hearing with the right to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-566.  In addition to the requirements of Wolff, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the

10

record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).

The record filed by the BOP includes a form entitled "Waiver of Rights before the Discipline Hearing Officer (DHO) Incident Report No. 2021779." (Dkt. 8-1 at 40.) The form indicates that on June 9, 2010, S. Noel witnessed Petitioner verbally acknowledge his decision to waive his right to call witnesses at the disciplinary hearing. Id. As previously stated, Petitioner filed no reply and does not otherwise dispute the form showing that he voluntarily waived his right to call witnesses.

Petitioner received all the process he was due during his disciplinary proceeding. He received advance written notice of the charge, a hearing before an impartial tribunal, a written statement from the hearing officer setting forth the basis for the finding, and he waived his right to call witnesses. See Fleck v. Federal Correctional Inst., 2012 WL 3024422 (3d Cir. 2012) (affirming District Court's determination that federal inmate's due process rights were not violated in disciplinary proceedings where inmate waived his right to call witnesses).

In addition, the disciplinary decision was supported by "some evidence." Petitioner does not dispute that he was

11

involved in a verbal altercation with another inmate, but argues that Code 201, Fighting, is limited to physical alterations. The BOP rejected this argument, and this Court finds that the BOP did not abuse its discretion or violate Petitioner's due process rights in doing so. See Fleck, 2012 WL 3024422 (holding that where inmate admitted that he had been involved in a verbal altercation, there was some evidence to support the disciplinary decision finding him guilty of Code 201, Fighting).

This Court holds that, even assuming Petitioner had exhausted his administrative remedies, the disciplinary sanction was not arbitrary or capricious, was supported by some evidence, and that there was no due process violation. See Fleck, supra.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with prejudice.

s/Renée Marie Bumb  
RENEE MARIE BUMB  
United States District Judge

Date:  September 27, 2012